IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-10533
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REGINALD TRENT ROSE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:97-CR-134-1-Y

_____

March 15, 1999

Before HIGGINBOTHAM, JONES, AND DENNIS, Circuit Judges.

PER CURIAM:[*]

Reginald Trent Rose appeals his convictions for possession and possession with intent to distribute cocaine base. He first contends that the district court erred by reading excerpts of a witness's testimony in response to a specific jury question about the time at which a witness identified the defendant. The danger in reading excerpted testimony to the jury is that the district court will "substitute its judgment for that of the jury, or . . . invade its province as factfinder." United States v. Alonzo, 681

[*]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

F.2d 997, 1003 (5th Cir. 1982).  In contrast to <u>United States v. Rivera-Santiago</u>, 107 F.3d 960, 965-67 (1st Cir. 1997), the judge's selections of excerpts here were not one-sided.  Because the defendant can point to no omitted testimony potentially relevant to the jury's question, we find that the district court did not abuse its discretion.  <u>See</u> <u>Alonzo</u>, 681 F.2d at 1003.

We also find no error in the district court's decision to give an <u>Allen</u> charge. "The district court has broad discretion to give an <u>Allen</u> charge when the jury indicates that it is deadlocked." <u>United States v. Rivas</u>, 99 F.3d 170, 175 (5th Cir. 1996).  The jury had informed the court after about six hours of deliberation that it was not unanimous and that "[i]t looks as if we wont [sic] get there." This scenario affords an excellent example of when an <u>Allen</u> charge may be useful, and the district court certainly did not abuse its discretion in giving one.

AFFIRMED.